IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

LI LI LIN                                                                                                    PLAINTIFF

v.                                          Case No. 1:20-cv-00490

DELAWARE DEPARTMENT OF EDUCATION                                        DEFENDANT

## ORDER

Before the Court is Defendant's Motion for Leave to File Summary Judgment Out of Time (ECF No. 26, filed Jan. 20, 2022). The Court finds that no response is necessary, and this matter is now ready for consideration.

The deadline for filing dispositive motions passed on December 30, 2021. The Defendant now asks the Court to allow it to have until February 9, 2022 to file a motion for summary judgment. Under Fed. R. Civ. P. 6(b)(1)(B), the Court may extend a deadline for good cause after the deadline has passed if the party failed to act because of excusable neglect.

Determining whether neglect is "excusable" requires weighing a number of factors, including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 388 (1993). These factors, however, do not establish a mathematical formula; "the determination is at bottom an equitable one." *Id.* at 395. Though no one factor is dispositive, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 392.

Here, Defendant lists COVID-19, lead trial counsel going on maternity leave, and back-up counsel not having much experience in federal court as the reasons why the motion was untimely. The Court finds these arguments unpersuasive. On October 22, 2021, the Court granted the parties' motion to extend the deadline for filing dispositive motions. (ECF No. 24). The Court has been willing to allow the parties more

time to work on their case.  In addition, this motion was filed right after the Court reached out to both parties' attorneys about moving the trial date.  Instead of responding to the Court's inquiry, the Defendant filed this motion.  The Defendant's inadvertence caused it to miss the deadline, and the Court cannot grant it additional time without delaying trial.  Therefore, Defendant's motion (ECF No. 26) is **DENIED**.  This case is now set for trial on April 4, 2022.

      **IT IS SO ORDERED** this 24th day of January 2022.


/s/*Robert T. Dawson*
**ROBERT T. DAWSON**
**SENIOR U.S. DISTRICT JUDGE**