# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LI LI LIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-490-CFC |
| | ) |
| DELAWARE DEPARTMENT | ) |
| OF EDUCATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

At Wilmington, on this Sixteenth day of February in 2024, having considered Plaintiff's motion to seal (D.I. 54);

Plaintiff, proceeding *pro se*, filed this action in April 2020. (D.I. 1) Plaintiff later acquired counsel, but counsel was subsequently granted leave to withdraw. (D.I. 47) In June 2022, the case was dismissed without prejudice based on Plaintiff's failure to comply with an order of the Court. (D.I. 53) In August 2023, Plaintiff moved to seal the case, on the grounds that the case has negatively impacted her employment pursuits. (D.I. 54)

There is a "strong presumption of openness [which] does not permit the routine closing of judicial records to the public." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal citation omitted). Plaintiff has not met the "heavy burden" of showing that "disclosure will work a clearly defined and serious injury"

to her, *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984), or that closure is "essential to preserve higher values and is narrowly tailored to serve that interest," *Globe Newspaper Co. v. Superior Court for Norfolk Cnty.*, 457 U.S. 596, 606 (1982). Furthermore, given that this case had been open to the public for over three years prior to Plaintiff filing her motion, and numerous privately run websites house federal court records and offer them to browsers for free or for a fee, sealing the case at this juncture "would be akin to closing the barn door long after the horse has left." *McShane v. IRS Taxing Bd.*, 2023 WL 4865506, at *2 (D. Del. July 31, 2023).

Now therefore, IT IS HEREBY ORDERED that Plaintiff's motion to seal (D.I. 54) is **DENIED**.

_____
Chief Judge